WILLIAM HAPGOOD *vs.* FRANK E. NEEDHAM and another.

*Intoxicating liquors—promissory note given therefor—what is not a defense to. Burden of proof.*

It is no defense to an action on a negotiable promissory note, that it was given in whole or in part for intoxicating liquors sold in violation of law, when the action is brought by an indorsee, who is the holder of the note for a valuable consideration, and without notice of the illegality of the contract.

Hapgood *v.* Needham.

If in the trial of an action on a negotiable promissory note, brought by an indorsee against the maker, the defendant avers that the note was given in whole or in part for intoxicating liquors sold in violation of law, the burden of proof is upon him.

If the plaintiff replies that he is a holder for a valuable consideration, the burden is upon him.

If the defendant would avail himself of the fact that the plaintiff had notice of the illegality of the consideration when he took it, the defendant must prove it.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note given by the defendants and dated at North Stratford, in the State of New Hampshire, on the 16th day of July, A. D. 1868, for the sum of $85.50, payable to one J. O. Severy or bearer, on demand and interest, and by Severy sold and indorsed to the plaintiff.

At the trial the plaintiff introduced and read the note, and proved that it was negotiated to him on the 4th day of October, A. D. 1868, and that he was the lawful holder thereof for value. The defendants then proved that the note was given principally for intoxicating liquors, sold to them contrary to law, at North Stratford, in the State of New Hampshire.

The presiding judge ruled that unless the defendants proved that the plaintiff had actual knowledge of the illegality of the consideration of the note, the plaintiff, upon the facts proved, would be entitled to recover. The verdict was for the plaintiff, and the defendants alleged exceptions.

*R. A. Frye*, for the plaintiff.

*Enoch Foster, jr.*, for the defendants.

WALTON, J. It is no defense to an action on a negotiable promissory note that it was given in whole or in part for intoxicating liquors sold in violation of law, when the action is brought by an indorsee, who is the holder of the note for a valuable consideration and without notice of the illegality of the contract. R. S. c. 27, § 50; *Field* v. *Tibbetts*, 57 Maine, 358; *Baxter* v. *Ellis*, 57 Maine, 178.

Hapgood *v.* Needham.

The burden of proof, with respect to these several propositions, is on the party who holds the affirmative. Thus: If the defendant avers that the note was given in whole or in part for intoxicating liquors, sold in violation of law, the burden of proof is upon him. If the plaintiff replies that he is a holder for a valuable consideration, and without notice of the illegality, the burden of proof with respect to the first branch of the proposition, namely, that he is a holder for value, is upon him; but the burden is not upon him to prove the latter branch of the proposition, namely, that he did not have notice of the illegality of the contract; for that would be to require him to prove a negative, which, with a few exceptions, of which this is not one, the rules of evidence forbid. If the defendant would avail himself of the fact that the plaintiff had notice of the illegality of the consideration of the note when he took it, he (the defendant) must prove it. These principles are too familiar to the profession to require the citation of authorities in support of them.

The ruling in this case was in accordance with these principles, and was, therefore, correct. At least such are the rules of law applicable to notes given in this State. And if, in New Hampshire, where the note on which this action is brought, was executed, the rules of law are more favorable to such a defense than they are in this State, the defendant should have proved to the court what those rules were; otherwise they would not avail him.

*Exceptions overruled.*

*Judgment for plaintiff.*

APPLETON, C. J.; DICKERSON, BARROWS, and TAPLEY, JJ concurred.

KENT, J., concurred in the result.